| | | |
|---|---|---|
| HIDDEN VALLEY RANCH HOLDINGS, LLC, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | ORDER |
| | ) ) | |
| LUXURY AUCTIONS MARKETING, INC. d/b/a GRAND ESTATES AUCTION COMPANY, JEREMY LECLAIR, SOURCE AUCTION, LLC., and AMERICAN HOME TITLE INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on defendants Source.Auction, LLC ("Source") and Grandeur Luxury Auctions, Inc.'s ("Grandeur") Motions to Set Aside Default, (Doc. Nos. 34, 35); their Motions for Leave to File Supplemental Briefs, (Doc. Nos. 36, 38); and their Motion for Leave to File Answer Out of Time, (Doc. No. 44). The Court has also considered Plaintiff's Responses to the defendants' motions, (Doc. No. 43), and Defendant's Reply, (Doc. No. 46). The matters are now ripe and ready for the Court's decision.

## I.    BACKGROUND

This action is brought by Plaintiff alleging "negligence, gross negligence, misrepresentation, breach of contract, fraud, fraud in the inducement, breach of fiduciary duty, breach of the duty of good faith and fair dealing, violations of the

1

North Carolina Unfair & Deceptive Trade Practices Act, N.C.G.S. § 75-1 and for indemnity…." (Doc. No, 50 at 1–2).

Plaintiff filed its Complaint on June 6, 2017. (Doc. No. 1). On July 21, 2017, defendants Source and Grander filed Motions to Dismiss in Lieu of Answer, (Doc. Nos. 16, 17), which the Magistrate Judge struck without prejudice due to a failure to file corresponding briefs, (Doc. No. 25). Source and Grandeur failed to file a responsive pleading within 14 days of the Court's Order striking their Motions to Dismiss. Accordingly, Plaintiff filed a Motion for Entry of Default on December 7, 2017. (Doc. No. 26). Source and Grandeur then jointly filed a late answer on December 8, 2017, without a corresponding Motion to File Out of Time or Response to Plaintiff's Motion to Enter Default. (Doc. No. 27). Plaintiff thereafter filed its Second Motion for Entry of Default on January 11, 2018. (Doc. No. 28).

On January 22, 2018, the Clerk of Court entered default against Grandeur and Source. (Doc. No. 29). On January 25, Source and Grandeur, through new counsel, filed Motions to Set Aside Default. (Doc. Nos. 34, 35). Those Motions were filed on the same day that Source's and Grandeur's new counsel filed a Notice of Appearance on behalf of Source; Grandeur; and Defendants Luxury Auctions Marketing, Inc. and Jeremy LeClair. (Doc. Nos. 30–33).

## II.    STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case "the clerk must enter the [defendant]

party's default." Fed.R.Civ.P. 55(a). Rule 55(c) further explains that "[t]he court may set aside entry of default for good cause." FED.R.CIV.P. 55(c).

A district court has broad discretion in decided whether to set aside a Clerk's entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir.1967) (holding "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969). The Fourth Circuit determined that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982); see also Tolson, 411 F.2d at 130 ("Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.").

## III. DISCUSSION

To support their Motions to Set Aside Default, Source and Grandeur frankly admit that they have no proffered excuse for why their joint Answer was filed late. Source's and Grandeur's current counsel, Paul Vancil, seems to have been unable to obtain an explanation from John Hanzel. The defendants' memorandum merely states, "despite efforts to reach Hanzel, Vancil has been unable to obtain any explanation from Hanzel as to why he failed to seek leave to file out of time or why

he has failed to respond to the plaintiffs' Second Motion for Entry of Default." (Doc. No. 34-1 at 2).

Plaintiff opposes the defendants' Motions to Set Aside, arguing that the motions failed to address the six-factor test used in <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413 (4th Cir. 2010). (Doc. No. 43 at 4). In that case, the Fourth Circuit stated that "[a] district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." <u>Colleton</u>, 616 F3d at 417 (quoting <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 203 (4th Cir.2006)).

Source and Grandeur addressed these factors in their Reply to Plaintiff's Response to the Motions to Set Aside Default. (Doc. No. 46). Defendants argue that they fulfill the six-factor test because:

(1) Acting with reasonable promptness: Default was entered by the Clerk on January 22, 2018. Following the Notices of Appearance of new counsel on January 25, 2018, Grandeur and Source moved on the same day to set aside the default, three days after it was entered.

(2) Personal responsibility of defaulting party: The default resulted only from the oversight of former counsel in seeking leave to late-file an Answer (which nevertheless was filed). Grandeur and Source themselves are blameless, as is Jeremy LeClair.

(3) History of dilatory action: The only arguable dilatory action from former counsel is the late-filed Answer, filed without seeking leave. The absence of leave to file is the only basis for this default.

(4) Prejudice to the defaulting party: The prejudice to Grandeur and Source – and to Jeremy LeClair – is discussed above and in these

defendants' first Brief in Support[] arguing for setting the default aside. They are left defenseless through no act or omission of their own. The prejudice results solely from their former lawyer's oversight in failing to seek leave to file.

(5) Meritori[o]us defense: As shown in these defendants' Proposed First Amended Answer, neither Grandeur nor Source were in existence at the time of the events giving rise to the Complaint. They were not in privity of contract with the plaintiff. Grandeur/Source deny all allegations or negligence, intentional acts, breach or the plaintiff's entitlement to damages. Additionally, they initially filed Motions to Dismiss, arguing that they did not exist when the alleged events are alleged to have occurred. These defendants submit that all of these are meritorious defenses. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." U.S. v. Moradi, 673 F.2d 725, 727 (4thw Cir. 1982).

(6) Availability of less drastic sanctions: All other sanctions are less drastic than default. The imposition of attorneys' fees is one reasonable alternative.

(Doc. No. 46 at 2–3). The Court finds Defendant's arguments persuasive.

The Fourth Circuit generally prefers avoiding default and deciding cases on their merits. Colleton, 616 F.3d at 417. Furthermore, "[w]hen the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). Here, the Court notes that Source's and Granduer's prompt replacement of counsel and filings show good faith in their attempts to rectify the mistakes of their past counsel. See, Id. at 811–12 (noting that the party promptly acted with diligence in moving for relief sought). The Court also notes that the parties are still early in the stages of litigation. The Court issued a Pretrial Order and Case Management Plan on April 19, 2018. (Doc. No. 52).

Considering these factors together, the Court **GRANTS** the Motions to Set Aside Default.

In order to minimize any prejudice to Plaintiff, the Court will not allow Defendant to file a new answer, but instead will **GRANT** the defendants' alternative request, permitting the filing of the Answer previously submitted by the defendants' former counsel on December 8, 2017. (Doc. No. 44 at 1).

Because the Court addressed Source's and Granduer's Motions to Set Aside and their Motion for Leave to File Answer Out of Time, it will **DENY as MOOT** their Motions for Leave to File Supplemental Briefs, (Doc. Nos. 36, 38).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that**:

1. Defendants Source.Auction, LLC's and Grandeur Luxury Auctions, Inc.'s Motions to Set Aside Default, (Doc. Nos. 34, 35), are **GRANTED**;

2. Defendants Source.Auction, LLC's and Grandeur Luxury Auctions, Inc.'s Motions for Leave to File Supplemental Briefs, (Doc. Nos. 36, 38), are **DENIED AS MOOT**; and

3. Defendants Source.Auction, LLC's and Grandeur Luxury Auctions, Inc.'s Motion for Leave to File Answer Out of Time, (Doc. No. 44), is **GRANTED.**

Signed: May 11, 2018

Robert J. Conrad, Jr.
United States District Judge